Ralph W. Nash, Esq. City Attorney, Ithaca
I am writing in response to your request for an Attorney General's opinion concerning the issuance of a fireworks display permit under section 405.00 of the Penal Law.
Your letter states that the City of Ithaca is anticipating an application for a fireworks display permit pursuant to section 405.00 of the Penal Law. The proposed site from which the fireworks are to be fired is within 200 feet of a private roadway and a permanent building. You have asked whether the permit can be issued on condition that the roadway be closed and the building be vacated during the time that the fireworks are fired.
Section 405.00 authorizes the public display of fireworks by permit. The licensing authority of a city may grant a permit to designated entities that have filed an application as required by law (Penal Law, §405.00[1], [2]). Permits must include specified provisions regulating fireworks displays and may be issued only after the filing of an adequate bond (id., § 405.00[3], [4]).
Subdivision 3 of section 405.00 provides as follows with regard to the fireworks site:
 ". . . the permit shall contain provisions that the actual point at which the fireworks are to be fired shall be at least two hundred feet from the nearest permanent building, public highway or railroad or other means of travel and at least fifty feet from the nearest above ground telephone or telegraph line, tree or other overhead obstruction . . ." (id., § 405.00[3]).
Thus, State law requires that the permit expressly prohibit firing of fireworks within two hundred feet of a permanent building. These restrictions are on their face absolute, and we find no provision in the statute or relevant case law that indicates that a municipality has the power to alter them, whether by means of imposing conditions or otherwise. Indeed, subdivision 5 of section 405.00 provides that "[a]ll local ordinances regulating or prohibiting the display of fireworks are hereby superseded by the provisions of this section" (id., § 405.00[5]). Although this preemptive language make reference only to ordinances, in the past we have interpreted section 405.00 to have a broad preemptive intent and effect, which includes preemption of local regulations in the form of local laws (1982 Op Atty Gen [Inf] 104).
In this same opinion we concluded that the Legislature intended section 405.00 to establish a uniform State-wide standard for public display of fireworks (ibid., see memorandum to Governor from the Committee on Criminal Courts Law and Procedure of the Association of the Bar of the City of New York, in relation to Sen Int 134, enacted as chapter 387 of the Laws of 1940 adding section 1894-a to the Penal Law, which is the predecessor of current section 405.00 of the Penal Law).
Issuance of a permit pursuant to conditions which are inconsistent with section 405.00, therefore, would be violative of that section, and accordingly prohibited. Thus, you may not under any circumstances allow the firing of fireworks within two hundred feet of a permanent building.
We conclude that a city may not issue a permit for public display of fireworks pursuant to conditions which are violative of the requirements contained in Penal Law, § 405.00.